# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

v.                     **CASE NO. 4:08-CR-00330-BSM-1**

**DONALD BRATTON, JR.**
Reg. No. 25484–009                                                    **DEFENDANT**

## **ORDER**

Donald Bratton's *pro se* motion for compassionate release [Doc. No. 71] is denied because there are not extraordinary and compelling circumstances to warrant early release. *See* 18 U.S.C. § 3582(c)(1)(A).

Bratton pled guilty to being a felon in possession of a firearm, and was sentenced as an armed career criminal to 211 months imprisonment. Doc. Nos. 29 and 38. Bratton now requests compassionate release based on (1) family circumstances; (2) specifically the need to care for his mother and father; (3) his living conditions in prison during the COVID-19 pandemic; (4) his contention that his sentence is overly harsh; and (5) rehabilitation. His request is denied for four reasons.

First, while sympathetic to the situation of Bratton's parents, Bratton does not provide sufficient evidence to support his claim that his parents are incapacitated or that he is the only available caregiver. *See United States v. Mousa*, No. 16-CR-104, WL 1693787, at *3 (D. Minn. June 17, 2025) (finding insufficient evidence to determine whether parents were incapacitated without "detailed medical records, social services records, or birth certificates"); *see also United States v. Gonzalez*, No. 17-CR-60223, 2021 WL 4066897, at

*5 (S.D. Fla. Sept. 7, 2021) (families of incarcerated individuals must "make necessary and inconvenient life adjustments during that individual's incarceration"). Further, it is not clear how Bratton would be able to care for his parents, as he claims that upon release he would be living with his fiancée and working as a painter. *See* Mot. Comp. Release, at 17–18 and 32. Second, the prison conditions Bratton complains of are not grounds for compassionate release. Third, Bratton's argument that his sentence was overly harsh is rejected because Bratton's sentence was—and still is—appropriate given the nature of his crime and his criminal history. Fourth, Rehabilitation alone is not enough to warrant a sentence reduction. 28 U.S.C. § 994(t).

Finally, even assuming Bratton has established extraordinary and compelling circumstances, his motion would still be denied because he is a danger to the community and the section 3553(a) factors do not weigh in favor of granting compassionate release. *See United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding district court's denial of compassionate release when the district court concluded that the section 3553(a) factors weighed against granting compassionate release, regardless of whether the defendant had demonstrated extraordinary and compelling reasons).

IT IS SO ORDERED this 2nd day of December, 2025.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE